UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIEGO LALUZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-1459 |
| | ) |
| JEFFREY KRUEGER, | ) |
| | ) |
| Respondent. | ) |

# ORDER AND OPINION

Now before the Court is Petitioner Laluz's Petition for Writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. For the reasons set forth below, Laluz's Petition (Doc. 1). is DENIED.

### BACKGROUND

On November 4, 2008, Diego Laluz was charged in a two-count indictment in the Northern District of Illinois with distribution of five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *United States v. Laluz*, No. 08-CR-00825-1 (N.D. Ill.). The Government subsequently filed a notice of intent to seek statutory enhanced penalties under 21 U.S.C. § 851 based on Laluz's prior felony drug convictions in Cook County for manufacture or delivery of cocaine, in violation of 720 ILCS 570/401(c)(2), and two convictions for manufacture or delivery of a controlled or counterfeit substance in Schedules I or II, in violation of 720 ILCS 570/401(d). Doc. 14, at 7. Laluz initially pleaded not guilty, but on May 21, 2009 he withdrew his plea and entered a blind plea of guilty to both counts of the indictment. Doc. 14, at 3.

The Court ordered the probation officer to prepare a presentence report ("PSR"). Doc. 14. Based on the three prior drug convictions above, the probation officer determined that Laluz

1

qualified as a career offender under U.S.S.G. § 4B1.1. *Id*. at 7. Due to the career offender enhancement, Laluz's guideline range was 262 to 327 months. *Id*. at 29. Without the Chapter Four enhancement, his guideline range would have been 168 to 210 months. On October 29, 2009, the sentencing court granted a defense motion for departure from the guidelines and sentenced Laluz to 168 months of imprisonment. The court's stated basis for the departure was that Laluz's criminal history category and the prior sentences imposed significantly overstated the seriousness of his criminal history, and a guideline sentence would be grossly excessive. See Doc. 14, at 42–43.

Laluz filed the instant petition on November 28, 2016. Doc. 1. Therein, he argues that following *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior convictions should not have qualified as predicates for the career offender enhancement, and had he not been so designated, the sentencing judge may have given him a lower sentence. The Government has filed a response objecting to the petition because (1) Laluz never filed a motion under 28 U.S.C. § 2255, (2) he cannot challenge a guideline calculation on collateral review, and (3) *Mathis* does not invalidate his prior drug offenses from qualifying as controlled substance offenses or crimes of violence under the career offender guideline. Doc. 12, at 3. This Order follows.

**LEGAL STANDARD**

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

2

Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing that (1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion *and* the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

## DISCUSSION

Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Laluz because together they hold a petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice). Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were

3

subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Petitioner Laluz's claim is thus untenable, and the Court therefore DENIES his petition.

## CONCLUSION

For the reasons set forth above, Laluz's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED.

This matter is now terminated.

Signed on this 12th day of February, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge